UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JENNIFER WASKO,<br><br>                Plaintiff,<br><br>  vs.<br><br>OFFICER LAWRENCE PHILLIPS,<br><br>                Defendant. | 1:05-cv-1350-SEB-JMS |

**Entry Assessing Damages and Directing Entry of Final Judgment**

**I.**

This matter is before the court on the issue of damages. On November 22, 2006, pursuant to *Federal Rules of Civil Procedure* 55, the Clerk made an entry of default against defendant Correctional Officer Lawrence Phillips, and on September 25, 2007, the court granted the plaintiff's motion for default judgment as to liability. The plaintiff was subsequently directed to file a brief setting forth her damages, including evidence in support thereof (dkt 27). The plaintiff timely filed such a brief and supporting documentation (dkts 30, 34-36).

In consideration of these uncontested[1] filings and the court's own judgment as to a reasonable award, the court announces its determination as to the plaintiff's entitlement to relief.

**II.**

**A.**

While the plaintiff was incarcerated at the Indiana State Women's Prison in Indianapolis, Indiana she was raped by the defendant, who was a correctional officer at that same facility. The defendant threatened to retaliate against her if she reported the incident. The plaintiff contracted two sexually transmitted diseases (gonorrhea and chlamydia) from

---

[1] The defendant was specifically directed to notify the court in writing whether he wished to offer evidence regarding the plaintiff's claimed damages and/or contest the damages sought by the plaintiff in this action. The court stated: "If [the defendant] fail[s] to notify the court, the court will make a decision on the basis of the present record and without further notice to the parties until a final decision is made." (Dkt 39.) The defendant failed to comply with the court's request. (Dkt 40 and 41.) Accordingly, the defendant has abandoned and forfeited the opportunity to participate in the determination of damages.

the defendant as a result of the sexual assault. Based on these events and the pain and mental suffering the plaintiff experienced as a result, she requests both compensatory and punitive damages.

**B.**

The plaintiff's claim was brought pursuant to 42 U.S.C. § 1983 alleging that the defendant violated the Eighth and Fourteenth Amendments of the United States Constitutional as well as tort laws of the State of Indiana. A plaintiff who has prevailed in an action brought pursuant to 42 U.S.C. § 1983 is entitled to damages for the physical injuries and mental/emotional pain and suffering she has experienced and will continue to experience. In consideration of the plaintiff's physical and psychological injuries the court finds that the plaintiff is entitled to **One Hundred Thousand Dollars ($100,000.00) in compensatory damages**.

**C.**

Punitive damages are appropriate against persons in § 1983 actions when the conduct complained of is "motivated by evil intent or involving reckless or callous indifference to the federally-protected rights of others." *Smith v. Wade*, 461 U.S. 30, 45-49, 56 (1983); *Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007). Punitive damages can be awarded even in the absence of actual damages. *Sahagian v. Dickey*, 827 F.2d 90, 100 (7th Cir.1987); *McKinley v. Trattles*, 732 F.2d 1320, 1326 (7th Cir. 1984); *Erwin v. County of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989). It is presumed that the "plaintiff has been made whole for [her] injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant imposition of further sanctions to achieve punishment or deterrence." *Estate of Moreland v. Dieter*, 395 F.3d 747, 757 (7th Cir. 2005) (quoting *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003)).

The defendant's conduct was malicious and cruel, evincing a clear intent to cause the plaintiff great pain and suffering. To rape a woman who is incarcerated in your care and to threaten her if she reports the incident is vicious and unconscionable. Due to the reprehensible nature of the defendant's misconduct, the plaintiff is entitled to **punitive damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00)**

**III.**

Final judgment consistent with this Entry shall be entered.

**IT IS SO ORDERED.**

Date: 04/03/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana